UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

United States of America,
     Plaintiff

     v.                                    Civil No. 09-cv-216-SM
                                           Opinion No. 2010 DNH 037
Craig A. Goodman,
     Defendant

**O R D E R**

The government brings this civil action against Craig Goodman, seeking to recover unpaid principal and interest on a student loan Goodman obtained in 1987. The government says Goodman defaulted on that loan in 1989 and currently owes more than $12,000. Although the government has moved for summary judgment, Goodman has not objected.

For the reasons discussed below, the government's motion for summary judgment is granted.

**Standard of Review**

When ruling on a party's motion for summary judgment, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). Summary judgment is appropriate

when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In this context, "a fact is 'material' if it potentially affects the outcome of the suit and a dispute over it is 'genuine' if the parties' positions on the issue are supported by conflicting evidence." <u>Int'l Ass'n of Machinists & Aerospace Workers v. Winship Green Nursing Ctr.</u>, 103 F.3d 196, 199-200 (1st Cir. 1996) (citations omitted).

Here, Goodman was properly served with the government's complaint and filed an answer (document no. 4). Subsequently, however, it appears he moved and left no forwarding address. <u>See</u> Docket Entry no. 7 ("Mail returned by USPS. Defendant has moved and left no forwarding address."). He has, then, failed to meet his obligation to keep the Clerk's office apprised of any change in address. <u>See</u> Local Rule 83.6(e). And, as a result, it is unclear whether he actually received a copy of the government's motion for summary judgment. Nevertheless, that fact cannot preclude the court from ruling on the pending motion. <u>See</u> <u>id</u>. ("Counsel or pro se parties who fail to provide the clerk's office with their current address in accordance with this rule are not entitled to notice.").

Because Goodman failed to object to the government's motion for summary judgment, the court will take as admitted the factual statement recited in that motion, as supported by the attached exhibits. See Local Rule 7.2(b)(2) ("All properly supported material facts set forth in the moving party's factual statement shall be deemed admitted unless properly opposed by the adverse party."). See also Cordi-Allen v. Halloran, 470 F.3d 25, 28 (1st Cir. 2006); McCrory v. Spigel (In re Spigel), 260 F.3d 27, 31 (1st Cir. 2001). It does not, however, "automatically follow" that the government is entitled to summary judgment. Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 101-02 (1st Cir. 2003). The court must still determine whether the uncontested facts presented by the government, when viewed in the light most favorable to Goodman, entitle the government to judgment as a matter of law. Id. at 102 (citing Fed. R. Civ. P. 56(e)).

**Background**

The undisputed material facts, as recited by the government, are as follows:

> On September 21, 1987, the defendant executed and delivered a promissory note (the "Note") payable to Norstar Bank, Rochester, New York, in the total principal amount of $4,700.00. On January 11, 1988, $2,625.00 of this loan was disbursed (the "First Disbursement"), bearing interest at eight percent (8%) per annum, repayable in monthly installments. On January 11, 1988, $2,075.00 of this loan was disbursed (the "Second Disbursement"), bearing interest at a

> variable rate to be established annually by the U.S. Department of Education, repayable in monthly installments.
>
> Repayment of the Note was guaranteed by New York State Higher Education Services Company, and then reinsured by the United States Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 et. seq. (34 C.F.R. Part 682). The defendant defaulted on his obligations under the terms of the Note on or before May 25, 1989. Due to the default, the guaranty agency paid a claim in the amount of $3,380.51 to the holder on the First Disbursement. Due to the default, the guaranty agency paid a claim in the amount of $1,590.83 to the holder on the Second Disbursement. The Department of Education then reimbursed the guarantor pursuant to its reinsurance agreement. After the guarantor was unable to collect the full amount due, it assigned the right and title to the loans to the Department of Education on August 15, 1993.
>
> The defendant has refused or neglected to pay this debt and is, therefore, indebted to the United States under the First Disbursement in the amount of $8,389.50 (including principal in the amount of $3,380.51 and interest of $5,008.99) as of October 6, 2008, plus interest at the rate of $0.74 per day from October 6, 2008 to the date of judgment, plus interest at the legally applicable rate from the date of judgment until the debt is paid in full. As a result of his default, the defendant is additionally indebted to the United States under the Second Disbursement in the amount of $3,747.69 (including principal in the amount of $1,590.83 and interest of $2,156.86) as of October 6, 2008, plus interest at the rate of 5.82% per annum through June 30, 2009, and thereafter at such rate as the Department of Education establishes pursuant to Section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1077a, plus interest at the legally applicable rate from the date of judgment until the debt is paid in full.

Plaintiff's memorandum (document no. 8-2) at 1-3 (citations omitted).

**Discussion**

In count one of its complaint, the government seeks reimbursement of the outstanding principal and interest on the First Disbursement ($8,389.50, plus interest that has accumulated since October 6, 2008).  In count two, it seeks the outstanding principal and interest on the Second Disbursement ($3,747.69, plus interest since October 6, 2008).

In support of its motion for summary judgment, the government has filed: (a) a copy of the Note, signed by Goodman on September 21, 1987; (b) a Certificate of Indebtedness certifying that Goodman has defaulted on his obligation to repay the First Disbursement; and (c) a Certificate of Indebtedness certifying that he has defaulted on his obligation to repay the Second Disbursement.  Exhibits A, B, and C to Complaint.  Both of those certificates are signed by a government loan analyst, under the penalties of perjury.

The evidence introduced by the government is sufficient to establish a prima facie claim of entitlement to payment under the Note.  See, e.g., United States v. Emanuel, 2009 DNH 189 at 4 (D.N.H. Dec. 10, 2009) ("The [United States] can establish a prima facie case that it is entitled to collect on a promissory note if it introduces the promissory note and a certificate of

indebtedness signed under penalty of perjury by a loan analyst.") (quoting Guillermety v. Sec'y of Educ., 341 F. Supp. 2d 682, 688 (E.D. Mich. 2003)).  And, given Goodman's failure to object to the government's motion, contest its statement of facts, or otherwise respond, the undisputed evidence of record establishes the government's entitlement to judgment as a matter of law on counts one and two of its complaint.


## Conclusion

For the forgoing reasons, as well as those set forth in the government's memorandum, the government's motion for summary judgment (document no. 8) is granted.  The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

March 2, 2010

cc:  Michael T. McCormack, Esq.
     Craig A. Goodman, pro se